Good morning, Your Honors, and may it please the Court. My name is Elizabeth Gibbons from Green and Chenet on behalf of the plaintiffs in this case, who are four deputy sheriffs who were suspended solely on the basis of criminal charges that had been filed against them. The case, as you, I'm sure, are quite aware, raises an issue of procedural due process, and our main claim on appeal is that the trial court erroneously found that two of the plaintiffs, Deputy O'Donohue and Deputy Debs, were not denied procedural due process when, in their cases, the hearing that they were granted before the hearing officer determined, based on the facts and the evidence produced at that hearing, that they were entitled to back pay directly because the department could not and did not prove the truth of the criminal allegations against them. The commission in the complaint, our claim in the complaint, is that the commission is the one that denied these two plaintiffs due process by imposing a policy which denied any county employee the right to back pay simply on the basis of felony charges being filed against them. Now, there is no civil service rule that says having a felony charge filed against you makes you unable to perform the duties of a deputy sheriff or, frankly... I thought there was such a rule. There is not. What about Rule 1801A and 18031? 1801A simply defines the term of a suspension, how long of a suspension can be imposed on an employee. It does not say that if a felony charge is filed against you, you are prohibited or disabled from performing the duties of any county employee. You have that rule in front of you. I don't have it in front of me right now. I can't find it. I know I've got it. I know that 1801, I know. Yes, here's 1801, which you can find it. I'm just wondering what state substantive rule pursuant to which were they suspended in the beginning? 1801A provides, and this is on page 26 of the third cross-appeal brief filed by appellants at footnote 7, subject to such appeal rights as provided in this rule, an employee may be suspended by the appointing power for up to and including 30 days pending investigation, filing of charges, and hearing on discharge or reduction or as a disciplinary measure. That tells what you can suspend for. It does not say... So it says that someone may be suspended, a police officer may be suspended if felony charges are filed. Right, but it doesn't say that they are prohibited from being a deputy sheriff because felony charges are filed. It does not say that. Are you saying that's the difference between being suspended? That's the difference between the cases cited by the department, which say that there is no property right because the rules say that you lose your job under certain circumstances. For example, I think that... You still would have a right to a hearing, but it's a question of what is the scope of the hearing. Correct. Under state substantive law, if the county can suspend, with or without pay, a police officer against whom felony charges have been filed, and he gets notice of that and he has the opportunity to respond, why isn't that sufficient due process? Well, first of all, that's pre-deprivation. Our concern is with the post-deprivation hearing. The pre-deprivation, the issue in both cases is what is the scope of that hearing. If all they can respond to pre-deprivation is whether a felony was filed or not, then that, in our opinion, is also a denial of due process. This is what I don't understand about your position, though. If there's been an indictment charging a police officer with a federal crime, that means there had to be probable cause for that indictment to get to that point. And the law seems to say that you can suspend someone, a police officer, where there's been sufficient probable cause to indict him, and why would you want it any other way? What I'm saying is, in order to sustain the suspension after the fact, you have to have a preponderance of the evidence that he actually engaged in the misconduct. Well, after the fact is after he's been convicted or acquitted or the charge is dismissed, right? And our objection is to that post-deprivation suspension where he can actually prove, where he proves by a preponderance of the evidence, although he doesn't have the burden of proof, that he didn't commit the crime, that he did not engage in the conduct, yet still be punished for it. That's what the due process violation is. If he didn't do anything, then he shouldn't be punished just because somebody falsely accused him of doing something. There is, under Gilbert v. Homer, there is a difference between the standard under which you can initially suspend, but even Gilbert v. Homer very clearly says he's entitled to a post-deprivation hearing on the merits of whether that suspension was meritorious, whether he deserved it. And he doesn't deserve it if he didn't do anything. Are you talking about whether he's entitled to back pay or not? Yes. That's a part of it. Perhaps that's the concrete result of the finding that he didn't do anything wrong. But that's the point of the hearing under due process is for the department has the burden of proof to prove that he did something wrong. And that has to be, again, by a preponderance of the evidence, not just by probable cause. Okay, but what is the substantive law on whether, I mean, presumably, if the police department suspends a police officer without pay, they have to pay another police officer for those hours, to work those hours for which the one that was under felony charges is suspended, right? That's the same in any suspension. If they suspend him because he crashed a patrol car or because he came in to work late, if they suspend him, they have to pay somebody else to work behind him. Yes, that's true. So is there a rule that says that the county has to pay back pay in addition to the pay that they're already paying for the person to replace the person who's suspended? Yes. What rule is that? The civil service rule and the county code say that if you are wrongfully suspended, you are entitled to back pay. Again, if the employee is suspended because he crashed a car or because he came in late to work or he called in sick too many times, none of which are remotely criminal. Okay, so which rule is that? It's the county code defines what they're entitled to. Civil service rule one says that if they are found not to have engaged in the misconduct, they can't be disciplined for that misconduct. Civil service rule one says that. The county code specifically says if the employee is found to have been wrongfully suspended, he's entitled to an award of back pay, back salary and benefits. Have you presented any evidence of a county policy of upholding all suspensions, because I think that's what you're alleging here, of upholding all suspensions based on felony charges aside from your declaration in the district court? The evidence, because it looks like you point to some evidence that the county adopted a policy of upholding suspensions if there was a sufficient nexus between the felony charges and the deputy's position, but I don't think that's the same thing. It has always been interpreted that way. I don't know if that's the same thing as upholding all suspensions based on felony charges. I want to know because requiring a nexus between the charges and the deputy's position seems to call for an inquiry into the particular facts in each deputy's case. I think you're alleging something else. I think it's a semantical difference because the sheriff's department has always said that any felony charge has a nexus to the deputy's position. The Civil Service Commission has likewise adopted that. Where does it say that, I guess? Specifically, I believe in the declaration of Deputy Debs in this case. She stated that what the commission in her case said was all the department had to prove was that the felony was filed. The measure of proof to establish the nexus is the fact of the felony filing. So it's in some ways a semantical difference, but to prove the nexus, all they have to prove is the filing of a charge. So it is in any case the charge is filed that they are going to uphold the suspension. And the incidents that I identified in my declaration are evidence of that, as are these two specific cases. Let me ask you another question. Why doesn't judicial review under that section, I think it's 1094.6 of the California Code, provide adequate process for your clients? Because that's not a due process hearing. That's not a hearing on the merits of the allegations. It's not. Why not? Because all it is is a review of the record. But they get to appeal or seek some sort of review of that decision. Due process requires a hearing on the merits, and it requires a meaningful hearing at a meaningful time. And to say that it is meaningful to go through 10 days of hearing over a period of two years and follow that through with a commission review that takes another close to a year, sometimes longer, and then have to go to the superior court, which is another at least year to two-year process, that is not a meaningful hearing at a meaningful time. And a meaningful hearing under due process is a hearing on the merits, where a witness comes and testifies under oath, this is what happened. And that happens at the civil service hearing, but not in the superior court hearings. Because your time is right. I want to ask you, too, what basis do we find that Debs and O'Donohue are prevailing parties? I mean, it seems, except what happened below, they won no damages and no declaratory or injunctive relief. But they won everything up until that. They won an appeal in this court. And that was a significant amount of attorney's fees in this case. That was half of the litigation, practically. So to say that they're not entitled to any recovery for any of that is wrong. They did prevail in this court. They did prevail from being dismissed to getting to summary judgment. And they are entitled to recover, at a very minimum, the attorney's fees for that portion of the case. I'll reserve any time I might have. Thank you. Thank you. May it please the Court. My name is Connie Almond, and I am representing the defendants and appellees in this action, the County of Los Angeles, as well as the other named defendants. We are respectfully requesting that this Court reverse the summary judgment ruling in favor of the Wilkinson plaintiffs and instead find in favor of the defendants, and affirm the summary judgment ruling in favor of the defendants and against the plaintiffs, affirm the lower court's ruling denying plaintiffs leave to amend, and finally, if this Court finds that the Wilkinson plaintiffs are, in fact, entitled to relief, appellees request that this Court affirm the district court's ruling regarding the attorney's fees award. Let me ask you, it sounds like, based on that statement, you're arguing that none of the four defendants was entitled to post-suspension hearing. Is that correct? That's correct, Your Honor. But I guess I'm a little confused because it seems like the prior panel on appeal held that due process required that they receive post-suspension hearing. How is that not now the law of the case as well as the law of the circuit? Your Honor, the prior panel was reviewing the district court's ruling on a motion to dismiss, where, based on the pleading phase, the court was required to assume all of the allegations in plaintiff's complaint to be true. The court assumed that there was a protected property interest and assumed the hearing process that was provided to the various plaintiffs as alleged by the plaintiffs. However, this court held in that case that it was premature to conduct a Matthews v. Eldridge due process analysis, and that truly would be required in order to determine if these individual plaintiffs had their procedural due process rights violated. And there had been no fact-finding, no developed record at that point, so this court was assuming those facts based on plaintiff's allegations. Now we are looking at a developed record where we do know, in fact, what the county's policies are, what procedures were provided to them. So based on the facts that were presented to them, they found that sufficient. I don't know how you take the facts away at this point and say, oh, that's no longer the law of the case. Well, the court did assume the facts that were in plaintiff's allegations, but, for example, the court previously did not review Rule 1801A, which is more specific than 18031. 1801A is the rule that specifically states that the deputy sheriffs could be suspended while felony charges are pending against them. Regardless of whether or not they actually engaged in criminal misconduct, the fact that there were felony charges pending against them alone would be sufficient to support their suspensions. Likewise, the district court erred in this case in not recognizing the nuanced but very fundamental distinction between... I just want to echo Judge McGeeh's concern because the dissent really took, in that case, really took the majority head on on that question and disagreed saying that Debs and O'Donohue must show that they have a constitutionally protected property interest specifically in being paid while felony charges are pending against them. Rule 18031 in Gilbert established they do not have such an interest. On the other hand, the majority did say, Rule 18031 does not clearly terminate a deputy's protected property interest as soon as she is charged with a felony, and thus the rule is not determinative at this stage of the proceedings. It's a really close question as to whether we can hold anything else and whether the district court even erred by following that. You're right, Your Honor. Judge Acuda's dissenting opinion did tackle a majority's ruling pretty head on, but again, even in that portion that you just read, it was based on 18031, which does not specifically speak to criminal charges pending against individuals. And I believe that had the court reviewed and had the district court focused on 1801 more specifically, they would have seen that here, right or wrong, the county has a policy which specifically states that deputy sheriffs can be suspended while felony charges are pending against them. This is undisputed. And does it say without pay? It doesn't specifically state without pay, although the plaintiffs had acknowledged that that is the policy, that on pages 203 and 204 of the record, plaintiffs have not disputed that the policy and practice of the sheriff's department is that when there's a deputy sheriff facing felony charges, they will be suspended without pay, only for the term that that felony charge is pending against them. So with that policy, under Board of Regents v. Roth, this court looks at the state law and the property interest, if any, that the state law provides. Again, the county's law does not provide a property interest while they are facing felony criminal charges. And then only after that, if there is a finding of protected property interest, do we evaluate whether or not adequate due process has been provided. Here, as the court has noted, none of the plaintiffs actually pursued their writ relief. So even to the extent that they believe that they were entitled to some other process or additional review, some sort of due process, for whatever reason, they simply chose not to utilize those procedures that were before them. Consequently, under Zinneren v. Birch, as a matter of law, they can't allege a procedural due process violation. They simply didn't use the process that was available to them. They might not like that process, they might not believe that it's adequate, but they have to first use it before they can, in turn, claim that that process is somehow constitutionally inadequate. And that's been supported by the 2nd, 3rd, 6th, 8th, and 10th circuits. As a matter of law, there is no harm, there's no injury, because the State has not denied them any due process. They just chose not to utilize that process. And you're right in that had they filed a writ petition, the analysis would have been very different. The trial court would have evaluated the 10 days of hearing transcripts and all the witness testimony, and the court could have determined that the commission's decision somehow was an abuse of discretion. It was not supported by the record. But the plaintiffs here did not provide the trial court the opportunity to provide them due process. They may have gotten what they have wanted. Maybe they would have, maybe they wouldn't have, but they never provided the system the opportunity to find out. To the extent that this court does find that there is a protected property interest as to all four plaintiffs, defendants would urge the court to find that the district court erred by not conducting a full Matthews analysis as to the Wilkinson plaintiffs. The court conducted a Matthews analysis as to the Debs plaintiffs, which is what resulted in the finding that it's hard to imagine what more they could have been provided as required by the Constitution. But the Wilkinson plaintiffs, the court never provided a due process Matthews analysis for the Wilkinson plaintiffs. And had the district court done that, consistent with Coleman v. Department of Personnel Administration by the California Supreme Court, we believe that the court would have found that no post-deprivation hearing was provided under these specific circumstances. So even, again, if there was some sort of protected property interest, there'd be no purpose, no useful purpose in providing a post-deprivation hearing where there's no dispute that the individuals were facing felony charges at that time during the term of their suspension. Consequently, that independently verifiable fact in and of itself justifies the deprivation. There's zero risk of erroneous deprivation because the basis of the suspension is the fact that the felony charges are pending. Plaintiffs would like for the county to have a different policy, a policy that states that the suspension must be based on commission of actual criminal misconduct. That is not before this court. Here, we're looking at the county's rules as they are. Under Beller v. Middendorf, this court looked at a Navy regulation, which existed at the time, which allowed for involuntary discharge of service members who were engaging in homosexual activity. And this court held that, regardless of whether or not that policy is wise, it is the Navy's prerogative and right to have such a policy, and if they want to change that policy, they have the right to do that. But this court's review is much more confined. It's confined to look at the policies that exist and whether or not they create a property interest, and if so, whether or not the plaintiffs were denied due process. Here, again, even assuming that they had a property interest to continued employment, that property interest was extinguished once those felony charges were pending against them. And that's supported by both Beller v. Middendorf, as well as this court's decision in Ibarra v. Baustian. Let me ask you about the Wilkinson & Shore defendants. They submitted declarations stating that they suffered from depression and PTSD, causing insomnia and other issues. Aside, I guess, from the question of whether Mr. or Deputy Wilkinson ever got professional help, it seems like these statements were undisputed. So I guess I'm asking you, why aren't these declarations enough or sufficient to submit the damages issued to a jury? That's an excellent question, Your Honor. Under Kerry v. Pifus, the U.S. Supreme Court recognized that when it's a procedural due process claim, the plaintiff can only recover damages for damages related to the denial of due process, not for the substantive deprivation of property interest. But they tied it to the denial of due process. The wording of the declarations actually mixed the two. For example, Plaintiff Scheer states that he lost his house. He didn't lose his house because he was denied due process. He lost his house because he went without pay. No, I understand that. But he does say a lot of this happened because... And doesn't that even create even more of a question of fact if it's possibly related by both? That's what I'm struggling with. In Kerry v. Pifus, the U.S. Supreme Court acknowledged that there's an ambiguity in causation when you are alleging damages related to procedural due process where simultaneously you have suffered a substantive deprivation of property interest. And not to mention that the plaintiffs here were also facing felony criminal charges. I would imagine that that would be fairly stressful as well. So how do you differentiate what the damages, the emotional distress that they allegedly suffered comes from? The criminal charges, the deprivation of money, or the actual deprivation of a hearing? Therefore, in Kerry v. Pifus, the U.S. Supreme Court said because of this ambiguity in causation, there must be evidence of actual injury. The defendants did object to the self-serving declarations that Wilkinson and Scheer provided at pages 1045 and 1047 of the record. And first of all, Wilkinson's deposition... It was speculative and it was also improper lay opinion testimony as to whether or not their distress was related to the procedural due process violation as opposed to the emotional distress. In Kerry, the Court mentioned that some sort of supporting documentation would be required, either evidence of expert witness testimony, medical documentation, declarations from other individuals. All the evidence that they had was simply their own declarations. Not to say that that's not relevant, but that's not sufficient to show actual injury, where there is such a high likelihood of an ambiguity in causation as with these procedural due process type claims. And how about the prevailing party question, whether Debs and O'Donoghue are prevailing parties? Respectfully, Your Honor, I don't think that the prevailing party argument with respect to the Debs plaintiffs holds any merit. Here, the district court's ruling very clearly stated that they were to take nothing. There was nothing... Under the case law, they had to find some sort of resolution to the dispute that directly benefited them. Ms. Gibbons is certainly correct that they were successful at having the motion to dismiss ruling overturned and they had their opportunity in court, but that did not give them an overall win on their claim. They didn't directly benefit from the lawsuit in its entirety. They simply had a greater opportunity to present their case in front of the trial court, but the trial court found that there was literally nothing practicable that they could have been provided more than they had already been provided. The Debs plaintiffs were unhappy with the result, but they weren't unhappy with the process itself. They just wanted the commission to come out with a different ruling. But they had ten full-day hearings where they were allowed to present evidence regarding whether or not they committed the underlying acts, and they were successfully able to convince the hearing officers to rule in their favor. But they are truly not prevailing parties where they took nothing and there is nothing in the district court's ruling which directly benefits them. They don't get extra hearing. They don't get back pay. There is nothing that benefits them from the actual ruling. Finally, with respect to plaintiff's request appeal regarding the denial of leave to amend, defendants would urge this court to affirm the lower court's ruling because the three proposed plaintiffs, their claims were time-barred, and again, under abusive discretion, there can be no finding here that district court abuses discretion in any way. If the court has any other questions, I'm happy to answer them. Otherwise, defendants will submit. All right. Thank you, Counsel. Thank you, Your Honors. You have some more extra time. Thank you, Your Honors. First, with regard to the effect of the panel's ruling in this case previously, there was a direct dispute between the dissent and the majority concerning what the rules require or what the extent of the property interest created by Rule 1801 and 18031 provide. That was the issue. What do those rules create with regard to an interest? Was 1801 discussed? I don't see where it's discussed in the opinion. Was it before them? 1801 was absolutely before them. 18031 was not. It was not ever discussed in the trial court or in any of the briefing. The dissent came up with that rule by themselves. Because 1801 was the rule that was discussed and was brought to the court's attention, and the fact that the dissent came up with a different rule clearly indicates that the dissent didn't think 1801 did the trick. Why are you placing so much weight on the dissent? Because the dissent is the only one that raised the issue that the rules don't create a property interest. The majority said that they do, and that included 1801. Why shouldn't we follow the majority? We should follow the majority, and what the defendants want you to do is follow what the dissent did in this case and say that the rules don't create a property interest. But the majority said that they do, and now the defendants want to tell you that, well, they didn't have a factual basis to make that. They're interpreting a rule. It's a question of law. There was no other evidence presented in this case to the trial court about those rules. The rules say what the rules say, and what the rules said when the first time this case was up here, the majority said those rules create a property interest, which entitled these plaintiffs to pre-deprivation due process and a full post-deprivation hearing. That's what the majority said. Now the defendants come in and tell you, oh, there really isn't a property interest because they can be suspended, and what they rely on are cases that say, if you do A, you are precluded from holding this position, specifically the Navy case with the homosexuality rules. And in those cases, the Navy officers admitted the homosexual activity. They said, yes, I did this, but this is a bad rule. In these cases, these plaintiffs have always said, I didn't do that. I was not guilty of what you accused me of doing. There's a difference. There's a big difference because in Coleman and the Navy case, the rule, the pre-existing rule says, if you don't come to work, we're going to fire you. You are not entitled to hold the job. In the Navy case, if you engage in homosexual activity, you are not entitled to hold the job. There is no rule in the Civil Service Commission that says, if you have a felony charge filed against you, you are not entitled to hold the job. That's the rule that you have to have to limit the property interest. To say I can suspend you, either with or without pay, does not say you don't have a continuing property interest. It says you do because you get to come back from the suspension. It's only when the rule says you can't have the job, and the only rule in California that says you cannot be a police officer is the law that says you may not hold the position if you are convicted of a felony, not if you are charged with one. So there is a property interest here, and it is a legitimate property interest. And when the department, as they just came and told you that they were doing, reads the rule to extinguish that property interest, that's when due process is required. So as soon as they say I'm suspending you, now due process is required. That requires a full evidentiary hearing that is meaningful, that is not predetermined in its outcome by a policy that they want to say but is not stated in these rules. There is no rule of the Civil Service Commission that says you can't be a police officer if a felony charge is filed. These rules apply to every single county employee. There's certainly no rule that says you can't be the county dog catcher if there's a felony charge filed against you. So this rule does not define the property interest. The property interest is defined by the rule that says you can only be discharged for cause. And these rules say the department has the burden of proving the cause. There is no rule that says it is cause for suspension if a felony charge is filed. It says you can be suspended, but it also says you can be suspended because you didn't come to work on time three days in a row. That doesn't mean the department, after they suspend you, doesn't have to prove that you didn't come to work three days in a row. And that's the same thing here. The issue is they weren't suspended just because of the felony. They were suspended, and the letters say because of the conduct underlying the felony. That's what they were suspended for. And there isn't a rule that says that you can suspend somebody solely on the basis and the department, the defendants here, haven't pointed you to any rule or to any evidence at all that that's the department's policy. The fact that the policy is that we're going to suspend you because there's a felony of criminal misconduct charged against you doesn't mean that they don't have to ever prove that you did it. That's what happens in all suspensions and in all discharges. And I'm repeating myself. So just real quickly, what is your argument that you're entitled to attorney's fees for the Doe and O'Donohue? In Debs and O'Donohue, the court's ruling was in fact different than what the county's policy is because the court actually said they had a 10-day hearing on the merits of the criminal charges, and therefore they got due process. But the county is still standing here telling you that all they have to do is prove that a felony was filed. So that is different. Even if I lose everything else and the trial court stands, they are required to prove at the due process hearing, at the hearing in front of the hearing officer, the merit, the truth of the criminal charges. That was what happened to Debs and O'Donohue. We had a 10-day hearing, and they could not prove any of the criminal charges that they filed against either one of them. That's why the hearing officer said you're entitled to back pay, because they couldn't prove the merits of the charges. They're still standing here arguing to you today, almost 10 years later. O'Donohue, I get that, because he was acquitted of the charges. Was Debs? I thought Debs pled to misdemeanors, and some charges were dropped. She was only suspended because of the felony. So neither of them actually were convicted of a felony. Correct. Okay. And neither of them, in the administrative hearing, under the lower standard of proof, were found to have engaged in the conduct that was the basis for the felony filing. In both cases, the hearing officers found they did not engage in the conduct that was the basis for the felony filing. All right. Thank you, counsel. This Alads v. County of Los Angeles will be submitted.
judges: Noonan, Wardlaw, Murguia